IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

MAR 1 9 2004

Michael N. Milby, Clerk

| | | |
|---|---|---|
| FRANCISCO X. SOLIS | § | |
| Plaintiff - Petitioner | § | |
| V | § | B-04-009 |
| DOUG DRETKE, DIRECTOR | § | CIVIL ACTION No. B-01-089 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |
| INSTITUTIONAL DIVISION | § | ✓B-03-062 |
| Defendant - Respondent | § | |

### MOTION FOR APPOINTMENT OF LEGAL COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Francisco X. Solis, Petitioner, Pro-Se in the above styled and numbered cause, and respectfully presents this Motion For Appointment of Legal Counsel. The Petitioner would show the Honorable Court the following in support:

### I. JURISDICTION

This Honorable Court has jurisdiction over all parties and matters in the above styled and numbered cause pursuant to 28 U.S.C. § 2254 (h).

### II. CAUSE OF ACTION

The Petitioner is being held illegally by the Respondent through the Judgement of the 197th Judicial District Court of Cameron County, Texas. On 16 January, 1991, the Petitioner was indicted, and pled guilty, to Murder with a Deadly Weapon. After 8 years confinement, the Petitioner discovered that the Assistant District Attorney Joe Alvarado taped a confession that he had falsified evidence in order to obtain indictments from the Cameron County Grand Jury. The Petitioner avers that the only reason he pled guilty to the charges was he was constantly baraged with threats of the death sentence if he failed to accept the plea agreement offered by the Cameron County District Attorney. The Petitioner is not well versed in law, nor

has he received any formal training in law. As such, being indigent, the Petitioner prays this Honorable Court will GRANT this Motion, and ORDER that the Petitioner be provided legal counsel in order to perfect this appeal. This request is made in accordance with Rule 44 (a), Federal Rules of Criminal Procedures and 28 U.S.C. § 2254 (h).

### III. ARGUMENTS AND AUTHORITIES

"A prisoner is entitled to habeas relief if his interest in freedom from unconstitutional incarceration outweighs the State's interests in the administration of its criminal law."
Sanders v U.S., 83 S.Ct. 1068 (1963); Kuhlmann v Wilson, 106 S.Ct. 2627 (1986).

The Texas Code of Criminal Procedures, Article 26.04 provides that,

"Whenever the Court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent, or that the interests of justice require representation of a defendant in a criminal proceeding, the Court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dropped, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the Court, or replaced by other counsel."
Also see: 18 U.S.C. § 3006(1)(H);(2); 28 U.S.C. § 2254(h); Wilson v State, 956 SW2d 25, 29 (Tx Cr App 1997).

"Conviction obtained through use of false testimony, known to be such by representative of the State, is a denial of due process, and there is also a denial of due process when the State, though not soliciting false evidence, allows it to go uncorrected when it appears."
Blackburn v State of Alaska, 80 S.Ct. 274 (1960); Napue v People of the State of Illinois, 79 S.Ct. 1173 (1959).

"A right to a fair trial is fundamental liberty as secured by Fourteenth Amendment."

2

Estelle v Williams, 96 S.Ct. 1691, reh. den., 96 S.Ct. 3182, on remand, 537 F2d 856 (1976).

## PRAYER

Wherefore, premises considered, the Petitioner prays that this Honorable Court will GRANT this Motion For Appointment of Legal Counsel in order for the Petitioner to properly present his legal issues to the Court that the State has solicited false evidence in order to obtain an indictment, and has threatened the Petitioner with the death sentence in order to obtain a conviction. The issues presented in the Petition were heard by the Trial Court without any evidentiary hearing on the allegations presented by the Petitioner, and without examination of the evidence left by Assistant District Attorney Joe Alvarado, who committed suicide after making taped confessions of his actions. Failure to approve this action will deny the Petitioner an opportunity to correct the injustice perpetrated against him by the State in violation of State and Federal law, as well as against the State and Federal Constitutions.

Respectfully Submitted, _Francisco X. Solis_

FRANCISCO X. SOLIS, #586219
RAMSEY TWO UNIT, 1200 FM 655
ROSHARON, TEXAS  77583

## VERIFICATION

I, Francisco X. Solis, TDCJ-ID #586219, declare under penalty of perjury that the foregoing is true and correct, and that this Motion was placed in the Ramsey Two Units Inmate Mail System on _March 13_, 2004.
Executed on this the _13_ day of _March_, 2004.

_Francisco X. Solis_
FRANCISCO X. SOLIS, #586219

PETITIONER, PRO-SE