IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 26 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANCISCO X. SOLIS, § | |
| Petitioner, § | |
| § | B-04-62 |
| v. § | Civil Action No. B-09-062 |
| § | |
| DOUG DRETKE, Director, § | |
| Texas Department Of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

### RESPONDENT DRETKE'S MOTION TO DISMISS FOR WANT OF SUBJECT-MATTER JURISDICTION WITH BRIEF IN SUPPORT

Petitioner Francisco X. Solis ("Solis") has filed a Motion for Order Authorizing Second Application for Writ of Habeas Corpus ("Motion"). Although the Court has jurisdiction over the parties pursuant to 28 U.S.C. § 2254 (West 2004), the Respondent, Doug Dretke, the Director ("the Director") of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"), through his attorney, the Attorney General of Texas, files this response, his Respondent Dretke's Motion to Dismiss for Want of Subject-Matter Jurisdiction with Brief in Support. Except for those allegations supported by the record and those specifically admitted herein, the Director denies every allegation of fact made by Solis.[1]

### STATEMENT OF THE CASE AND FEDERAL PETITION HISTORY

The Director has lawful custody of Solis pursuant to judgments and sentences of the 197th District Court of Cameron County, Texas, in cause Nos. 90-CR-1023-C and 90-CR-1024-C, each styled *The State of Texas v. Francvisco J. Solis a/k/a Frankie Solis*. No. 90-CR-1023-C Judgment

---

[1] Photocopies of Solis's state writ applications will be sent to the Court as soon as they have been prepared. Photocopies of the relevant trial court records and of Solis's previously filed federal habeas corpus petition are being sent to the Court under separate cover.

and Sentence; No. 90-CR-1024-C Judgment and Sentence.[2] Solis was charged by two indictments with capital murder with a deadly weapon (two counts), 90-CR-1023-C Indictment, and murder with a deadly weapon, 90-CR-1024-CR Indictment. In connection with the capital murder charge, after Solis pleaded guilty to the lesser-included offense of murder, the court entered a deadly-weapon finding, assessed punishment at life in prison, and imposed a $10,000 fine. 90-CR-1023-CR Judgment and Sentence. In connection with the charge of murder with a deadly weapon, after Solis pleaded guilty, the court made no deadly-weapon finding but assessed punishment at life in prison with a $10,000 fine. 90-CR-1024-CR Judgment and Sentence. Solis did not appeal. Petition for a Writ of Habeas Corpus by a Person in State Custody ("First Petition") at 3, *Solis v. Johnson*, No. B-01-009 (S.D. Tex. April 2, 2001).

In connection with trial cause No. 90-CR-1024-CR, Solis filed a state writ application, *Ex parte Solis*, Application No. 48,304-01, at 1, which was denied without written order, *id.* at cover. In connection with trial cause No. 9-CR-1023-CR, Solis also filed an state writ application, *Ex parte Solis*, Application No. 48,204-03, at 1, which also was denied without written order, *id.* at cover.

Solis has previously filed with this court a federal petition for writ of habeas corpus challenging the two Cameron County convictions. First Petition. The petition was dismissed on limitation grounds. *Solis v. Johnson*, No. B-01-009 (Aug. 23, 2001) (Magistrate Judge's Report and Recommendation), (Sept. 25, 2001) (Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Petition). Solis now seeks permission from this Court to file a successive petition, presumably based upon newly discovered evidence. Motion at 2-3.

### EXHAUSTION, PROCEDURAL DEFAULT, AND LIMITATION

Subject to this Court's decision in connection with subject-matter jurisdiction, the Director reserves the right to argue whether Solis has exhausted his state court remedies, whether he has procedurally defaulted his allegation, and whether the claims are barred by limitation.

---

[2] The state trial-court records are referenced by the description of the document preceded by the trial cause number.

2

## MOTION TO DISMISS FOR WANT
## OF SUBJECT-MATTER JURISDICTION

Solis has filed a motion seeking an order authorizing a successive petition. A claim presented in a successive petition under § 2254 that was not presented in a prior petition must be dismissed unless the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, *see* § 2244(b)(2)(B)(i), and that the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense, *see* § 2244(b)(B)(ii).

Even so, before the petitioner may file a successive petition in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* § 2244(b)(3)(A). The court of appeals may authorize the filing of a successive petition only if it determines that the petitioner makes a prima facie showing that the petition satisfies the requirements of § 2244(b). *See* § 2244(b)(3)(C). The court of appeals shall grant or deny the authorization to file a successive petition not later than thirty days after the filing of the motion. *See* § 2244(b)(3)(D). The grant or denial of an authorization by a court of appeals to file a successive petition is not appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. *See* § 2244(b)(3)(E). A district court shall dismiss any claim presented in a successive application that the court of appeals has authorized to be filed unless the petitioner shows that the claim satisfies the requirements of § 2244. *See* § 2244(b)(4).

In his first federal habeas petition, Solis alleged that he received ineffective assistance of counsel, that he was denied his right to a trial by jury, and that the indictment was fundamentally defective. First Petition at 7. In this motion, Solis alleges that in his proposed second petition he wishes to raise complaints that the prosecutor engaged in misconduct through falsifying evidence, that the prosecutor engaged in misconduct through the failure to disclose exculpatory evidence, that the indictment was faulty, and that the state trial judge failed to review the evidence in state habeas

3

proceedings. Motion at 3. Before Solis files such a successive petition, he must seek an order from the Fifth Circuit Court of Appeals authorizing this Court to consider such a petition. *See* § 2244(b)(3)(A). It appears that Solis has instead filed a motion seeking a successive petition not with the Fifth Circuit but with this Court. Nothing under federal law gives this Court the authority to consider such a motion. When a federal petitioner files a successive petition in the district court without first seeking authorization from the Fifth Circuit, the district court should either dismiss the writ for want of jurisdiction or transfer the cause to the Fifth Circuit Court of Appeals to give that court the opportunity to consider such an order. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997). Even though Solis has filed not a petition but a motion seeking authorization to file a petition, the Director asks this Court to dismiss the motion for want of jurisdiction or to transfer the case to the Fifth Circuit to allow that court to consider Solis's motion.

## CONCLUSION

For the foregoing reasons, the Director requests that the Court dismiss the writ for want of jurisdiction or transfer the cause to the Fifth Circuit Court of Appeals.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

*Attorney-In-Charge

THOMAS M. JONES*
Assistant Attorney General
Postconviction Litigation Division
State Bar No. 00784357

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-3724
Fax No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Francisco X. Solis, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

THOMAS M. JONES
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Thomas M. Jones, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Dretke's Motion to Dismiss for Want of Subject-Matter Jurisdiction with Brief in Support has been served by placing the copy in the United States Mail, postage prepaid, on July 23, 2004, addressed to:

Francisco X. Solis
TDCJ-CID No. 586219
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

THOMAS M. JONES
Assistant Attorney General

5