IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JUL 2 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FRANSISCO X. SOLIS, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-062 |
| | § | |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice | § | |
| Institutional Division, | § | |
|    Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pro se petitioner, Fransisco X. Solis ("Solis"), filed a Motion for Order Authorizing Second Application for Writ of Habeas Corpus (Docket No. 1) on March 19, 2004. Respondent, Doug Dretke ("Director") filed a Motion to Dismiss for Want of Subject Matter Jurisdiction (Docket No. 9) on July 26, 2004. For the reasons set forth below, it is recommended that the Director's motion be granted and Solis' motion be dismissed.

### I. Procedural Background

Solis was charged by two separate indictments for murder. The first charged Solis with capital murder with a deadly weapon. Solis plead guilty to the lesser included offense of murder and the court entered a deadly weapon finding. The punishment was set at life imprisonment and a $10,000 fine.[1]  The second indictment charged Solis with murder with a deadly weapon. Solis plead guilty to the charge of murder, but the court did not make a deadly weapon finding and

---

[1] *The State of Texas v. Fransisco J. Solis a/k/a/ Frankie Solis*, Criminal Cause No. 90-CR-1023-C, in the 197th District Court of Cameron County Texas.

1

Solis was sentenced to life in prison and a $10,000 fine.[2] Solis did not appeal.

Solis filed a state writ application in connection with Criminal Cause No. 90-CR-1023-C, which was denied without written order.[3] Solis also filed a state writ application in connection with Criminal Cause No. 90-CR-1024-C, which was denied without written order.[4] Solis then filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 2, 2001.[5] Magistrate Judge John Wm. Black recommended that the petition be dismissed on limitation grounds. District Judge Filemon B. Vela dismissed the petition as time barred on September 25, 2001. Solis filed the instant case on March 19, 2004, seeking permission to file a successive petition.

## II. Authorization from the Fifth Circuit Court of Appeals

Before a petitioner is allowed to file a successive § 2254 petition in the district court, he must first seek an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) provides that:

> "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In this case, Solis has not made the proper mandatory filing with the Fifth Circuit and has not obtained authorization to file a successive § 2254 in this Court.

---

[2] *The State of Texas v. Fransisco J. Solis a/k/a/ Frankie Solis*, Criminal Cause No. 90-CR-1024-C, in the 197th District Court of Cameron County Texas.

[3] *Ex Parte Solis*, Application No. 48,304-01.

[4] *Ex Parte Solis*, Application No. 48,204-03.

[5] *Solis v. Johnson*, Civil Action No. B-01-089.

### III. Petitioner's Burden Under 28 U.S.C. § 2244(b)(2)

Under § 2244(b)(2), a claim presented in a successive petition, that was not presented in a prior petition should be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In this case Solis claims that the prosecutor falsified evidence and failed to disclose exculpatory evidence rendering the indictment faulty and in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Solis states that the prosecutor, before committing suicide, admitted on video tape that he falsified evidence to obtain indictments on more than one occassion. However, Solis offers no basis for his claim other than the fact that some unidentified person sent him a letter, informing him of the incident.

It appears that Solis is attempting to make a showing under § 2244(b)(2)(B). Solis argues that the facts underlying his claim could not have been discovered previously through the exercise of due diligence because he was only later informed about the prosecutor's video taped confession. A fact-based claim of this type, presented for the first time in a successive § 2254 application, must be dismissed unless the facts underlying the claim "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i-ii). Even assuming that Solis has discovered new evidence that was unavailable

to him earlier, he fails to make the required showing under § 2244(b)(2)(B)(ii).

## IV. Recommendation

Solis has failed to obtain authorization from the Fifth Circuit to file a successive § 2254 in this Court as is required under § 2244(b)(3)(A). In addition, Solis has not shown that these facts, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

IT IS hereby RECOMMENDED that the Director's Motion to Dismiss (Docket No. 9) be GRANTED and Solis' Motion to File Motion for Order Authorizing Second Application for Writ of Habeas Corpus (Docket No. 1) be DISMISSED.

DONE at Brownsville, Texas, this 27th day of July, 2004.

_____
John Wm. Black
United States Magistrate Judge