IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 2 2004

Michael N. Milby
Clerk of Court

FRANCISCO X. SOLIS
　PETITIONER,

V.

DOUG DRETKE, DIRECTOR
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION
　RESPONDENT.

C.V. ACTION NO: B-04-062

NO. 04-41320
COURT OF APPEALS
FIFTH CIRCUIT

## PETITION FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FRANCISCO X. SOLIS, PETITIONER PRO-SE IN THE ABOVE-STYLED CAUSE, AND FILES THIS PETITION FOR CERTIFICATE OF APPEALABILITY. PETITIONER WAS ADVISED BY THE FIFTH CIRCUIT, THAT A C.O.A. IS PENDING IN THIS HONORABLE COURT. EVEN THOUGH THIS COURT DID NOT ORDER A DISSMISSAL OF A FED. WRIT OF HABEAS CORPUS § 2254. BUT, A

Pg 1.

Court order dismissing a recent motion order authorizing a second writ of Habeas Corpus No. B-04-062. Dated 10-05-04. In which the court of appeals Fifth Circuit through a motion of notice of appeal done by the petitioner. Issued a docket No: Appeal No: 04-41320 Solis v. Dretke on 10-13-04. In regards to the Fifth Circuits request, petitioner Solis, is filing this Petition for Certificate of Appealability. Will show this Honorable court the following:

- JURISDICTION -

This Honorable court has jurisdiction over all parties pertaining to both of the above cause numbers. And in pursuant to: 28. U.S.C § 2253 (c)(2); § 2244 (B)(3)(A); 2254 (a) and Fed. R. App. p. 32 (A)(7) &(c) Form 1, following Fed. R. App. p. 4 (A)(1)(7) Also See: Lozada v. Deeds, 498 US. 430, 432, 111 S.Ct. 860, 862; 112 L.ed. 2d 956 (1991); Drinkard v. Johnson, 97 F.3d. 751, 756 (5th Cir. 1986) and Banks v. Dretke, 124 S.Ct 1256 (2004).

Pg 2.

### STATEMENT OF THE CASE — AND FEDERAL PETITION HISTORY

The Director, Doug Dretke has un-lawfull custody of Solis, pursuant to Judgments and Sentences of the 197th District of Cameron County, Texas, in cause no's. 90-CR-1023 and 90-CR-1024-C each styled THE STATE OF TEXAS V. FRANCISCO J. SOLIS A/K/A FRANKIE SOLIS. Solis, was charged by two indictments: One Capital Murder - two counts, with a deadly weapon no. 90-CR-1023-C. Second Murder no. 90-CR-1024-CR. In connection with the capital murder charges, Solis plead guilty to a lesser-included offense of murder, the court entered a deadly-weapon finding, assessed punishment at life in prison, and imposed a $10,000 fine.

### EXHAUSTION OF STATE REMEDIES

In connection with trial cause. no 90-CR-1024-CR. Solis filed a state writ application, Ex Parte Solis, application No. 48,304-01, AT 1 and a petition for writ of mandamus No: 13-01-00137-CR. Furthermore, in connection with trial cause no. 90-CR-1023-CR.

pg 3.

Solis filed an state writ application, Ex Parte Solis, application No. 48,204-03, AT 1, all of said attempts of meanfully trying to present to the state district court of the 197th a possible fair opportunity to apply relief or correct the miscourage of injustice, set aside the void conviction — was denied..

The Supreme Court has specifically stated that, a petitioner should be given the fairness and be allowed to aproach the courts with confidence that he will be treated with justice and not be treated unfairlly that his due process as a citizen of the United States of America will be presuved. O. Sullivan V. Boer L.Ed. 526 U.S. 838, 844, 119 S.ct 1728, 144 L.Ed. 2d 1. (1999). The state was given a fair opportunity, so said court would not be reduced to any prejudicee by Solis. In this instance, petitioner would like to further stress a legal claim. The judge who did handle all of the above listed cause no. Hon. Judge Magadelia Lopez of the 197th District Court in Cameron County. Was one (1) of petitioners district attorneys in his original conviction.

pg 4.

This Judicial misconduct of her, knowing, and having personal interest in petitioners case was not addressed by the Court of Criminal Appeals in Austin Texas. Said unproffessional behavior of the states agents can not excused. Because, this behavior is what caused harmfully error, the miscourage of justice and prejudiced the whole out-come of the state writs. Denying Solis, several of his due process, and violating his constitutional rights. Said judge was recusaled in May 12, 2003 by the court administrator Nora N. Anderson. Only because, Solis filed a motion to recusal said Judge. He has also filed a complaint form to the Judicial conduct in Austin Texas. These claims can be supported by the record. More over, following up Solis has previously filed with this court a petition for writ of habeas corpus, challenging the two Cameron County convictions. 1st petition: Solis v. Johnson No: B-01-009. In which was dismissed by Hon! Judge Felimon B. Vela. Who is petitioners-attorney brother Moises V. Vela. Once again bias and prejudicee was shown because of conflict of interest on Judge Filemon B. Vela parts.

pg 5.

BECAUSE OF HIS BROTHER MOISES V. VELA. SOLIS FIRST FEDERAL WRIT NO. B-01-009. HE HAS RAISED A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON HIS ATTORNEY: MOISES V. VELA. THIS CAN BE SUPPORTED BY THE RECORD. SOLIS, TRIED TO FILE A MOTION OF RECUSAL ON SAID JUDGE FELIMON B. VELA. MOTION WAS DENIED ON 1-16-2001 BY THE MAGISTRATE JUDGE JOHN WM. BLACK.

THIS CASE HAS BEEN TREATED WITH TOTAL DISRESPECTS, THE STATE AND FEDERAL COURTS HAVE OVER STEPPED THEIR POSSITION TO THE EXTENT OF COMMITTING ILLEGAL ACTS. MAGISTRATE JUDGE JOHN WM. BLACK DID NOT EVEN TRY TO CONDUCT AN EVIDENTUARY HEARING TO TEST THE VALIDITY OF THE PETITIONERS CLAIMS. PERSUANT TO: RULES GOVERNING SECTION $2254 8(b)(1) AND 28. U.S.C § 636 (b)(c)(1) $(3).

(B) FUNCTION OF THE MAGISTRATES
(1) WHEN DISIGNATED TO DO SO IN ACCORDANCE WITH § 636 (b)(C)(1) $(3), "THE MAGISTRATES HOLDS THE ULTIMATE RESPONSIBILITY THAT IS TO DEAM A FAIR IMPARTIAL RULING ON <u>ANY</u> ISSUE PRESENTED TO HIM. THAT <u>ALL</u> PARTIES RECIEVE THE SAME FAIRNESS, THAT PARTIALITY OR CONFLICT OF INTEREST NOT BE PLAYED ON HIS PART.

Solis, filed a motion authorizing a second writ of Habeas Corpus. No B-04-CV-62, in which this court never had jurisdiction over, to make a ruling according to the Assistant Attorney General Thomas M. Jones. Motion to dismiss for want of subject matter jurisdiction. Re. Francisco X. Solis v. Doug Dretke, No B-04-062 dated July 23, 04.

## - Certificate of Appealability -

Petitioner Solis, understands that in obtaining a; Certificate of Appealability, it requires a substantial showing of constitutional error: see 28. U.S.C § 2253 (c)(2)., § 2244 (b)(3)(A). Also; Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed. 2d 956 (1991); and Drinkard v. Johnson, 97 F.3d. 751 756 (5th Cir. 1996) This entails that the questions at issue be (A). Debatable among reasonable jurist, (B) of a type which could be resolved in the petitioners favor, or (C) adequate to deserve encouragment of further proceeding.

pg 7.

Also persuant to. § 2244 (b)(2), the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but, for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense enbanc.

## - Questions at Hand -

The petitioner realizes that he has a responsibility to bring forth, that is to set his claims, in question form, as meanfully as possible. In these questions he will try and establish his claims. Questions,

(1) Did the state have solid evidence to prosecute a two- counts of capital murder?

(2) If so, why withheld favorable evidence?

(3) Why was it that when said favorable evidence (for or against petitioner) was not considered for further review, the judge could of?

pg 8.

(4) SHOULD A DEFENDANT BE REDUCED TO PLEA FOR A LESSER INCLUDED OFFENSE UNDER PERSUATION OR THREATS, COERCIONIVE TACTIETS?

(5) WOULD THIS RENDER HIS PLEA INVOLUNTARY?

(6) HIS DEFENSE ATTORNEY NEVER AT ANY TIME BEFORE, DURING OR AFTER FILED ANY MOTIONS ON BEHALF OF HIS CLIENT, SOLIS, WHY?

(7) IF DEFENSE ATTORNEY WOULD OF ATLEAST TRIED ANY KIND OF SOUND COURT STAGITY, WOULD OF THIS CHANGED THE OUT-COME OF THE COURT PROCEEDING?

(8) WHY DID THE COURT NOT SUBMITT THE AUTOPCY REPORTS?

(9) WAS THE VICTIM MURDERED BY STRANGLATION?

(10) WAS SHE SEXUALLY ASSUATTED?

(11) WHAT EVIDENCE IS THERE TO PROVE THE PETITIONER GUILTY OF THE CRIME CUMMITED?

(12) WHY HAS THERE SUCH A BIG COVER-UP?

(13) CAN THE STATE FIND SOLIS GUILTY IF RE-TRIED?

(14) DOES THE POSSIBILITY OF SOLIS OF BEING INNOCENT OF THE CHARGES - EXCISIT?

(15) WHY HAS NOT THE STATE COURT DONE AN EVIDENTUARY HEARING?

pg 9.

(16) IS THE DISTRICT ATTORNEY GUILTY OF PURJURY?

THESE SIXTEEN QUESTIONS ARE REASONABLE QUESTIONS TO ASK THE COURT. THEY DESERVE AN ANSWER, IF, NOT by THIS COURT, by THE ORIGINAL CONVICTING COURT. THESE ARE DEBATABLE QUESTIONS, CHALLENGING THE VOID CONVICTION DONE by THE 197 DISTRICT COURT. THE STATE NEVER HAD SOLID EVIDENCE TO HELP SUPPORT A CONVICTION TO; TWO-COUNTS OF CAPITAL MURDER, THEY UTILIZED SAID ILLEGALLY, FUNDAMENT DEFECTIVE INDICTMENT TO COERCE PETITIONER. HE WAS ILLEGALLY CONVICTED AND IS ILLEGALLY CONFINED, BEING DEPRIVED OF HIS LIBERTY. 14th AMEND. THESE, ISSUES HAVE NEVER ONCE by BOTH STATE AND FEDERAL COURTS BEEN PROPERLY CHALLENGED. READ: BROWN V. BETO 377 F.2d 950 (5th CIR. 1967) SITED: (C) POSSIBLE WRIT RELIEF ON A PLEA OF GUILTY. (1) FORCED WITH THREATS OR PHYSICAL VIOLENCE TO PLEA GUILTY. FONTAINE V. US., 411 U.S. 213, 93 S.CT. 1461 (1973) THE COURT ORDERED AN EVIDENTIARY HEARING ON THE DEFENDANT'S CLAIMS AND STATED THAT HEABEAS CORPUS RELIEF WOULD BE APPROPRIATE IF THE DEFENDANT'S ALLEGATIONS

Pg. 10

were true that his guilty plea was not given voluntarily and knowingly, since it had been induced by a combination of fear, coercive police tactics, and illness. Pursuant to court admonishments. V.T.C.C.A. Art. 26.13 plea of guilty. (3)(B)

(3) The Trial Court <u>must</u> give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial, and

(B) No plea of guilty or plea of nolo contender shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary,

To define; mentally competent in the black law dictionary states: Being fully aware of the consequences, having knowing of his decision, knowing the law to the extent of making one's decision. Petitioner was (18) eighteen years of age. Unlearned in the science and function of the law. His attorney mislead him to believe he didn't stand a chance, trying to go to trial. Solis, defence.

Pg 11.

Attorney Moises V. Vela, never filed any motions to help prepare a proper defense for Solis, Vela, did not even try to appeal the life sentence Solis was convicted on. As any real defense attorney would of automatically appealed a life sentence, as its grounds for an appeal. Vela, until this day has not even filed an Anders brief according to: Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967) Also, see Sowel v. State, 45 S.W. 3d 690 (Tex. App. Waco 2001) (A) cites: File a motion to withdraw in the trial court with a copy to the court of appeals. Vela, has a sworn duty to perform; he has not done so. Petitioner has adressed any meanfull possibility to this court, through his (16) sixteen questions, in which this court can review and allow the fair opportunity to the petitioner and grant relief, by making a ruling on said certificate of appealability, a ruling deem appropiate under the curcomstances.

pg. 12.

## – CONSIDERATION –

THAT THIS HONORABLE COURT, GRANT, THE PETITIONERS CERTIFICATE OF APPEALABITY AND REQUEST FOR FURTHER REVIEW OF ALL CLAIMS IN LIGHT OF THE EVIDENCE, TO SEE, THAT IF PROVEN AND VIEWED WOULD THERE BE SUFFICIENT EVIDENCE TO HAVE FOUND PETITIONER GUILTY OF SAID OFFENSE, IF NOT, THAN RELIEF SHOULD BE GRANTED TO THE PETITIONER.

Respectfully, Sub.
Francisco X. Solis
_____
FRANCISCO X. SOLIS PRO-SE
TDC # 586219
Bill CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107-9606

## – VERIFICATION –

I, FRANCISCO X. SOLIS, TDC-ID # 586219, DECLARE UNDER PENALTY OF PERJURY, THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEGE, AND THAT THIS PETITION FOR CERTIFICATE OF APPEALABILITY IS BEING MAILED IN THE WILLIAM B. CLEMENTS UNIT INMATE MAIL SYSTEM ON THIS EXECUTED DATE OF NOVEMBER, 10, 2004.

Pg 13.

# CERTIFICATE OF SERVICE

I, Francisco X. Solis, TDC-ID # 586219, do hereby certify that a true and correct copy of the above and foregoing petition for certificate of appealability has been served by placing the copy in the United States, mail, postage prepaid, on November, 10, 2004

Copies will be forwarded to all parties listed below, by the Clerk of the Court.

C.O./ United States District Court
Southern District of Texas
600 E. Harrison St. Room #101
Brownsville, Texas 78520

C.C./ Doug Dretke, Director
Institutional Division
Respondent.

C.A./ Thomas M. Jones
Assistant Attorney General
Postconviction Litigation Division
Post Office Box 12548,
Austin, Texas 78711-2548.

Respectfully Sub:
_Francisco X Solis_
Francisco X. Solis (Pro. Se)
TDC # 586219
Bill Clements Unit
9601 Spur 591
Amarillo, TX
79107-9606

Pg 14.