United States District Court
Southern District of Texas
ENTERED

JAN 1 3 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO X. SOLIS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-62 |
| | § | |
| DOUG DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | | |
| Respondent. | | |

**MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

**I. INTRODUCTION**

Pending before the court is Petitioner, Francisco X. Solis's (hereinafter "Solis") Petition for Certificate of Appealability (hereinafter "COA") filed on November 22, 2004. (Docket No. 20). Upon consideration of the motions, pleadings, and the applicable law, the Magistrate Judge recommends to the District Judge that the COA should be **DENIED**.

**II. BACKGROUND**

On January 16, 1991, Solis was charged by indictment with two separate counts of murder. Solis pleaded guilty and was sentenced to two consecutive life sentences. After exhausting his state remedies, Solis filed a *pro se* petition for habeas relief pursuant to 28 U.S.C §2254 on April 2, 2001[1] seeking to have his life sentence for murder set aside. Following the Magistrate Judge's recommendation, the United States District Judge Filemon B. Vela dismissed the petition as time

---

[1] *Solis v. Johnson*, Civil Action No. B-01-89, Docket No. 9

barred on September 25, 2001.[2] Thereafter, Solis filed a Motion for Order Authorizing Second Application for Writ of Habeas Corpus on March 19, 2004, seeking permission to file a successive petition.[3] A Report and Recommendation dated July 27, 2004, recommended that Solis's Second Application for Writ of Habeas Corpus be dismissed on the ground the Solis failed to seek permission of the Court of Appeals[4]. The United States District Judge Hilda G. Tagle adopted the recommendation on August 26, 2004, and dismissed the case in its entirety.[5] On September 28, 2004, Solis filed a Notice of Appeal[6] and Petition for a Certificate of Appealability[7] which is pending before the court.

### III. DISCUSSION

A court may issue a COA only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C §2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383 (1983); *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000). A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998). Solis has failed to show that jurists of reason could disagree. *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1034 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

---

[2] *Solis v. Johnson*, Civil Action No. B-01-89, Docket No. 12

[3] *Solis v. Dretke*, Civil Action No. B-04-62, Docket No. 1

[4] B-04-62, Docket No. 11

[5] B-04-62, Docket No. 13

[6] B-04-62, Docket No. 16

[7] B-04-62, Docket No. 20. Solis's Petition for a Certificate of Appealability is in reality an Application for a Certificate of Appealability.

Solis seeks a COA in response to the dismissal of his successive 28 U.S.C § 2254 habeas petition. The district court, which adopted the Magistrate Judge's recommendation, dismissed Solis's request to file a successive habeas, concluding that "[e]ven assuming that Solis has discovered new evidence that was unavailable to him earlier, he fails to make the required showing under 2244(b)(2)(B)(ii)." The district court further concluded that "Solis has not shown that these facts, if proven, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense."[8]

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In his petition, Solis asserts several procedural and substantive points of error which he contends manifests valid claims of the denial of his constitutional rights. None of the issues raised by Solis demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. There is no showing that Solis was denied any of his constitutional rights.

---

[8] B-04-62, Docket No. 11

## IV. **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Solis's Petition for a Certificate of Appealability should be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 13th day of January, 2005.

_____
John Wm. Black
United States Magistrate Judge