IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO X. SOLIS
PETITIONER,

VS.

DOUG DRETKE, DIRECTOR
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS
DIVISION, RESPONDENT,

CIVIL ACTION NO. B-04-62

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

FEB 2 2005

MICHAEL N. MILBY, CLERK OF COURT

## PETITIONERS, MOTION OF REBUTTAL TO, MAGISTRATE Judge's REPORT & RECOMMENDATION

BEFORE THE HONORABLE Judge, Hilda G. Tagle THERE IS PENDING A PETITION FOR CERTIFICATE OF APPEALABILITY, FILED BY PETITIONER, FRANCISCO X. SOLIS (HERE IN AFTER "SOLIS") ON THE DATE OF NOVEMBER 22, 2004. (DOCKET NO. 20). PETITIONER APPEALS FROM A MAGISTRATE Judges Judgments PURSUANT TO 28 U.S.C § 636 (C)(1) AND IN THE ACCORDANCE WITH 28 U.S.C § 636 (C)(3) THESE APPEALS ARE TREATED THE SAME AS APPEALS FROM

PG 1.

COURT JUDGMENTS, AND ARE GOVERNED BY RULES OF THIS COURT.

## Jurisdiction.

THAT THIS HONORABLE COURT PURSUANT TO THE ABOVE CIVIL ACTION NO. B-04-62 AND 28 U.S.C § 2253 (C)(2) DOES HAVE ANY AND ALL GOVERNED, JURISDICTION TO PROPERLY AND IMPARTIALLY MAKE THE DECISIONS NEEDED TO FURTHER PROSECUTE THIS CIVIL ACTION NO. B-04-62.

## Consideration

THE PETITIONER FULLY ACKNOWLEDGES THAT THIS COURT ALREADY IS AWARE OF "SOLIS'S" STATUS IN THE LEGAL KNOWLEDGE, THAT, HE IS NOT A CERTIFIED PARALEGAL HE IS NOT LEARNED IN ALL OF THE LEGAL TERMINOLOGIES AND FUNCTIONS HE IS ONLY A LAYMAN OF THE LAW, HIS ATTEMPTS TO MANUVER IN THE COURTS ARE HELD TO LESSER STRINGEST STANDARDS THAN FORMER PLEADINGS DRAFTED BY LAWYERS; SEE 2. FEDERAL CIVIL PROCEDURE 671; ALSO NLEY V GIBSON, 355 U.S. 41, 45-46, 78 S.CT. 99, 102, 2 L.ED. 2D 80 (1957); HAINES V KERNER 404 U.S. 519, 92 S.CT. 594, 30 L.ED 2D 652 (1972), SOLIS IN GENERAL IS THEREFORE ENTITLED TO FREELY EXERCISE CONSTITUTIONAL RIGHTS; CONST AMEND 5th.

pg 2.

Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the great writ entirely, risking injury to an important interest in human liberty. See Ex Parte Yerger, 8 Wall. 85, 95, 19. L.Ed 332 (1869) The writ has been for centuries esteemed the best and only sufficient defence of personal freedom. Withrow, Surpa, at 700, 113 S.Ct. at 1758. Petitioner asserts, that this court is fully aware of the seriousness of this case, as the original charges are as follows: Murder cause No. 90-CR-1024-C and two counts of capital murder cause No. 90-CR-1023-C in this cause No. The District Attorney was seeking the death sentence... (Keep this last statement in mind). The foreman of the grand jury in the Cameron county: Domingo Aguem on the date of September 19, 1990 at 11:30 AM; Delivered by the Sheriff Alex Perez an indictment of two counts of capital murder. Witnessed by R. C. Williams Deputy, to Francisco X. Solis said indictment cause No. 90-CR-1023-C (This is a true statement)

pg 3.

NOW, Solis has meaningfully challenged the validity of this indictment. For the reasons that, the newly discovered evidence, that of transcripts of (deceased) District Attorney Jose Alvarado admitting that he committed perjury under oath in order to obtain the two counts of capital murder. These transcripts where withheld from the court during the court proceeding. These transcripts are indeed favorable evidence that can change the whole outcome of the court conviction. These transcripts will show the court that the state never had a solid case for a capital murder, that the indictment was illegally obtained by the District Attornies office rendering Solis's conviction null and void: The Texas State Constitution, Article 1 § 10 states, "and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury..." See also; Tex. Const Article 5 § 12 (B); In Re Rubio, 55 SW3d 238 (TX CR APP 2001). Solis has demistrated in several instances that without the violation of his constitutional rights, the court could of convicted Solis under cause no. 90-CR-1023-C. This claim, has not been proven otherwise by the magistrate Judge John Wm. Black.

pg 4.

untill this present time, these claims have "never" once been proven to be wrong or none existant by "any" district court. If any court denies the fact that said indictment cause. No. 90-CR-1023-C is "not" constitutionally valid, than it denies the fact that Solis, has been convicted and does sit in a prison cell. Solis has done a showing that these facts, "if proven", would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense." That the reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). How could the reasonable jurists not find claims of: Judical misconduct, Judge Darrell B. Hester abused his office. (1) He failed to properly and fully admonish Solis of all his admonishments before intering a plea agreement: Tex. Code Crim. Pro. Art. 26.13 (A) and Art. 1.13 Const Amend: 5th, 6th, 14th. Furthermore: the State could of not waived the death penalty in a capital

P 5.

MURDER CASE, LIKE WISE DEFENDENT CAN NOT VALIDLY WAIVE RIGHT TO TRIAL BY JURY. SEE. U.T.C.A PENAL CODE ART. § 1.12, 1.14 (A), 1257 (b)(2) 37.071 (A); MCCORMICK ET AL. 7A TEXAS PRACTICE §74.07 (4th ED) ALSO, THE U.S. CONSTITUTIONAL RIGHTS ART. III (3) - SECTIONS (1) & (2) AND CONST AMEND 7th.

(2) THE CLAIM OF PROSECUTORIAL MISCONDUCT. THAT THE DISTRICT ATTORNEY'S OFFICE INTENTIONALLY WITHHELD FAVORABLE EVIDENCE.

(3) THE PETITIONERS DEFENCE ATTORNEY "NEVER" AT "ANY" GIVEN TIME DID HE EXERCISE SOUND TRIAL STRATIGY: BEFORE, DURING OR AFTER SOLIS TRIAL, SOLIS ATTORNEY DIDN'T EVEN FILE AN ANDERS BRIEF. IF THIS MAGISTRATE JUDGE CAN SHOW OTHER WISE, SOLIS ENDS HIS ATTEMPTS IN THE COURTS, SO FAR ALL THE MAGISRATE JUDGE HAS DONE IS SHOWN BIAS AND PREJUDICEE LET THE RECORDS SHOW, THAT HE HAS "DENIED" EVERY LEGAL DOCUMENT SOLIS HAS FILED. DEPRIVING SOLIS OF HIS 5th & 14th AMENDMENTS: THE GURANTEE OF EQUAL PROCTECTION OF THE LAWS; SEE CORTELLESSO V. COMMONWEALTH, 354 MASS 514, 338 N. E2d 516.

pg 6.

THE 197th DISTRICT COURT IN CAMERON COUNTY LACKED THE JURISDICTION BY A FALTY INDICTMENT CAUSE NO. 90-CR-1023-C TO HAND DOWN A CONVICTION: F.R.C.P Rule 11; BRAM V. U.S., 18 S.CT. 183; CONST. AMEND 5th. IN THE ABOVE STYLED CAUSE, THE PETITIONER WAS GIVEN TWO LIFE SENTENCES, TO RUN CONSECUTIVELY, OR HE WOULD HAVE TO FACE THE DEATH PENALTY. THE PETITIONER FELT HE HAD NO CHOICE, BUT TO ACCEPT THE OFFER, OR FACE THE DEATH SENTENCE. "THE PLEA OF GUILT WAS NOT KNOWINGLY AND INTELLIGENTLY MADE, BUT WAS MADE UNDER DURESS." SEE. U.S. V SELLS ENGINEERING INC. 103 S.CT. 3133 (1983); BROWN V. BETO 377. F.2d 950 (5th CIR. 1967); "AGENTS OF THE STATE MUST NOT PRODUCE A GUILTY PLEA BY ACTUAL OR THREATENED PHYSICAL HARM OR BY MENTAL COERCION OVERBEARING THE WILL OF THE DEFENDANT. SOLIS, WAS UNCONSTITUTIONALLY DENIED A FAIR IMPARTIAL TRIAL: V.T.C.A. PENAL CODE ART. § 1.03 (5) CONST AMEND: 5th, 14th. THIS CLAIM HAS NOT BEEN CHALLENGED, UNTILL IT IS, IT STANDS AS FACTUAL AND TRUE.

pg 7.

All this Magistrate Judge has done, is just pass the paper without actually through documentations or transcripts, exhibits etc., shown otherwise. Solis, only hope is that this Honorable Judge Hilda G. Tagle does not do the same, but, will do a proper investigation before making her decision.

## PRAYER

That this Honorable Court take the petitioners motion of rebuttal to the Magistrate Judges Report & Recommendation into consideration, test the merits, validity of his claims see "if" there is beyond a shadow of a doubt, that, he is correct or wrong. That, this motion of rebuttal to the Magistrate Judges Report & Recommendation be granted.

Respectfully Submitted,
~~Francisco X. Solis~~
Francisco X. Solis
TDC # 586219
Bill Clements Unit
9601 Spur 591
Amarillo, Texas
79107-9606

Pg 8.

## VERIFICATION

I, FRANCISCO X. SOLIS, TDCJ-ID #586219 declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and that this motion of Rebuttal to the Magistrate Judges Report & Recommendation was mailed in the Bill Clements Unit mail system on the 26th day of January, 2005.

EXECUTED ON this the 26th day of Jan, 2005.

Francisco X. Solis
FRANCISCO X. SOLIS, #586219
PETITIONER, PRO-SE.

pg 9.